996 F.2d 1221
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John Richard BRINK, also known as William Stanley, Appellant,
v.
COOK STORAGE, a corporate entity, Appellee.
 No. 92-3733WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 1, 1993.
Filed: June 29, 1993.
 
 Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Richard Brink, a Missouri prisoner proceeding in forma pauperis, filed this 42 U.S.C. § 1983 action alleging Cook Storage violated Brink's Fourth and Fourteenth Amendment rights by opening his storage locker and giving his property to the Greene County Sheriff's Department. Because Brink's complaint showed that Cook Storage was a private entity, the district court ordered Brink to supplement his complaint to allege facts showing Cook Storage was acting under color of state law. Brink filed an amended complaint alleging that Cook Storage "knowingly, and willfully, permitted, aided and abetted" sheriff's deputies in seizing and removing his property without a warrant or his consent. Thus, Brink alleged Cook Storage "was acting in concert with, and under color of state law vested with the Green[e] County Sheriff's Department."
 
 
 2
 In measuring the adequacy of Brink's supplemented allegations, this circuit has recently held "that a plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." Mershon v. Beasley, Nos. 92-2866, 92-2958, 1993 WL 173789, at * 2 (8th Cir. May 26, 1993). In light of Mershon, an allegation that a private custodian of property merely permitted state actors to search and seize does not establish sufficient participation in that state action to make the private party liable under § 1983. Given the district court's earlier order that Brink state his claim more precisely, the district court properly dismissed the complaint before service of process because Brink's conclusory allegations failed to show a mutual understanding between Cook Storage and the sheriff's department. See Wyatt v. Cole, 112 S. Ct. 1827, 1830 (1992); Neitzke v. Williams, 490 U.S. 319, 328 (1989). We deny Brink's request for appointed counsel on appeal as moot.
 
 
 3
 Accordingly, we affirm.